NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ATLANTIC HEALTH SYSTEM, INC., AHS HOSPITAL CORP., and ATLANTIC AMBULANCE CORP., | Hon. Garrett E. Brown, Jr. |
| Plaintiffs, | Civil Action No. 08-1661 (GEB) |
| v. | **MEMORANDUM OPINION** |
| NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA, a member company of American International Group and AMERICAN INTERNATIONAL GROUP, individually, | |
| Defendants. | |

**BROWN, Chief Judge:**

This matter[1] comes before the Court on the appeal (Doc. No. 50) filed by Plaintiffs, Atlantic Health Systems, Inc., AHS Hospital Corp., and Atlantic Ambulance Corp. ("Plaintiffs"), from the May 6, 2010 Letter Order issued by Magistrate Judge Madeline Cox Arleo. (Doc. No. 49 ("May 6 Order").)  For the following reasons, this Court will deny Plaintiffs' appeal.

*Background*

In her May 6 Order, Magistrate Judge Arleo considered Plaintiffs' motion to amend their Amended Complaint to include a jury demand pursuant to Federal Rules of Civil Procedure 15(a)(2) and 39(b).  Plaintiffs filed this declaratory judgment action in the Superior Court of New

---

[1] By Order of March 15, 2010, this matter was reassigned to the undersigned.

Jersey, Law Division, on February 18, 2008, alleging that Defendants improperly denied coverage under an insurance policy.  On March 6, 2008, Plaintiffs filed an Amended Complaint to clarify that they had successive insurance policies from May 2000 until May 2005.  Plaintiffs' Amended Complaint contained two counts: (1) declaratory relief from Defendants' denial of coverage in connection with an antitrust lawsuit that had settled, and (2) breach of the covenant of good faith and fair dealing.  At no point in their Complaint or Amended Complaint did Plaintiffs demand a jury trial.

On April 3, 2008, Defendants removed the action to this District based on diversity jurisdiction.  On May 1, 2008, Defendants filed their Answer, at which time Plaintiffs still did not demand a jury trial. (Doc. No. 4.)  Discovery was initially scheduled to close on December 31, 2008, but the deadline was extended several times, and fact discovery closed on December 1, 2009.  Expert discovery remains suspended due to Defendants' motion to exclude Plaintiffs' expert witnesses.  (Doc. No. 40.)

Plaintiffs first requested a jury trial more than 18 months after Defendants' Answer when they moved pursuant to Rule 39(b) to amend the Amended Complaint to add a request for a jury trial on November 12, 2009.  Magistrate Judge Arleo heard oral argument on the motion to amend on January 7, 2010.  Plaintiffs presented four primary arguments in support of this motion: (1) that Defendants changed their theory of the case at an August 18, 2009 hearing when they conceded that they denied coverage solely based on Plaintiffs' failure to timely file notice of the claim; (2) that discovery in Fall 2008 revealed new factual information demonstrating that Plaintiffs timely filed notice of their insurance claim in March 2004; (3) that the timeliness of notice is a fact-specific question that is more appropriate to be resolved by a jury, not a judge;

2

and (4) that Defendants would suffer no prejudice from the amendment.

In her May 6 Order, Magistrate Judge Arleo began her analysis by recognizing that "the right of a jury trial is fundamental and courts should indulge every reasonable presumption against waiver." May 6 Order at 4 (quoting *Collins v. Gov't of the Virgin Islands*, 366 F.2d 279, 284 (3d Cir. 1966) (internal quotations omitted)). Magistrate Judge Arleo then weighed the five factors identified by the Third Circuit in *SEC v. Infinity Group Co.*, 212 F.3d 180, 196 (3d Cir. 2000), for determining whether to grant an untimely demand for a jury trial. After weighing all the factors, Magistrate Judge Arleo denied Plaintiffs' Rule 39(b) motion requesting a jury trial, finding that the claims-notice issue was not more suitable for a jury, that the delay in seeking amendment was substantial, and that Plaintiffs had not provided a satisfactory explanation for their substantial delay. May 6 Order at 4–5. Plaintiffs now appeal, arguing that Magistrate Judge Arleo abused her discretion by giving too much weight to certain *Infinity Group* factors and not according proper weight to the fundamental right to a jury trial.

## *Analysis*

Pursuant to 28 U.S.C. § 636(b)(1)(A), Federal Rule of Civil Procedure 72(a), and Local Civil Rule 72.1(a), a United States Magistrate Judge may hear non-dispositive motions. On appeal, a district court may modify or set aside a magistrate judge's non-dispositive order if the ruling was "clearly erroneous or contrary to law." Fed. R. Civ. P 72(a); L. Civ. R. 72.1(c)(1)(A); *see also Haines v. Liggett Group Inc.*, 975 F.2d 81, 91 (3d Cir. 1992); *Cipollone v. Liggett Group, Inc.*, 785 F.2d 1108, 1113 (3d Cir. 1986). A ruling is clearly erroneous "when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Dome Petroleum Ltd. v. Employers*

*Mut. Liab. Ins. Co.*, 131 F.R.D. 63, 65 (D.N.J. 1990) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)).  A magistrate judge's order is contrary to law "when the magistrate judge has misinterpreted or misapplied the applicable law." *Doe v. Hartford Life & Accident Ins. Co.*, 237 F.R.D. 545, 548 (D.N.J. 2006) (citing *Pharm. Sales & Consulting Corp. v. J.W.S. Delavau Co.*, 106 F. Supp. 2d 761, 764 (D.N.J. 2000)).  This Court's review of Magistrate Judge Arleo's decision is also guided by the Third Circuit's determination that a denial of a Rule 39(b) motion is reviewed for abuse of discretion.  *Infinity Group*, 212 F.3d at 195.  "An abuse of discretion is a 'clear error of judgment,' and not simply a different result which can arguably be obtained when applying the law to the facts of the case." *Id.* (citations omitted).  After careful consideration of Magistrate Judge Arleo's Letter Order, the January 7, 2010 oral argument transcript, and the parties' briefing on appeal, this Court concludes that Magistrate Judge Arleo did not commit clear error, misapply controlling law, or abuse her discretion in denying Plaintiffs' Rule 39(b) motion.

     Federal Rule of Civil Procedure 39(b) provides in pertinent part: "Issues on which a jury trial is not properly demanded are to be tried by the court.  But the court may, on motion, order a jury trial on any issue for which a jury might have been demanded."  As Magistrate Judge Arleo properly recognized, "it is well settled within this Circuit that courts must consider five factors in addressing untimely requests for a jury trial under Rule 39(b)."  May 6 Order at 3.  These five factors, known as the *Infinity Group* factors, are:

> (1) whether the issues are suitable for a jury; (2) whether granting the motion would disrupt the schedule for the Court or the adverse party; (3) whether any prejudice would result to the adverse party; (4) how long the party delayed in bringing the motion; and (5) the reasons for the failure to make a timely jury demand.

*Infinity Group*, 212 F.3d at 195–96.  Magistrate Judge Arleo found that the second and third factors weighed in favor of permitting the amendment, but that the first, fourth, and fifth factors weighed heavily against permitting the amendment.

  As to the first factor, Magistrate Judge Arleo appropriately decided that the issues presented in this case are not more suitable for a jury.  Plaintiffs' claim seeks declaratory relief, in the form of a declaration of insurance coverage.  The two counts of the Amended Complaint have not changed since March 2008.  Plaintiffs contend that they discovered new documents in Fall 2008 that demonstrate that they timely filed a claim under the policy.  However, this evidence does not necessarily present an issue of fact for the jury.  To the extent that the claims-filing provisions of the insurance policy are clear and unambiguous, whether these documents constitute notice of a claim under the policy is a question of law.  *See, e.g.*, *Driscoll Constr. Co. v. State Dep't of Transp.*, 371 N.J. Super. 304, 313 (App. Div. 2004) ("The interpretation or construction of a contract is usually a legal question for the court, 'suitable for a decision on a motion for summary judgment.'") (citation omitted); *Grow Co. v. Chokshi*, 403 N.J. Super. 443, 476 (App. Div. 2008) ("[W]hether a contract provision is clear or ambiguous is a question of law.").  At this point in the litigation, this Court has no reason to quarrel with Magistrate Judge Arleo's conclusion that the issues concerning the timeliness of claims notice "are not more suitable for a jury." May 6 Order at 4.  Magistrate Judge Arleo's conclusion of the first factor is not clearly erroneous or contrary to law.

  As to the fourth and fifth factors, Magistrate Judge Arleo appropriately decided that the delay in requesting a jury trial was substantial, and that Plaintiffs have failed to provide a

5

satisfactory explanation for the delay. May 6 Order at 4–5. With the present appeal, Plaintiffs still do not present a satisfactory explanation for their eighteen-month delay (or one-year delay after the Fall 2008 discovery) in filing the motion to amend. Plaintiffs argue that Defendants changed their position at an August 18, 2009 hearing when they conceded that their sole reason for denial of the insurance claim was late notice, but Plaintiffs do not identify anything in the record that demonstrates that Defendants changed their position. Indeed, Plaintiffs' Amended Complaint, filed on March 6, 2008, reveals that Plaintiffs have understood that Defendants denied Plaintiffs' insurance claim as untimely from the beginning of this lawsuit. (Am. Compl. ¶ 21 ("By way of letter dated March 15, 2005, AIG denied coverage to AHS under [the insurance policy], alleging that AHS failed to notify AIG of the claim prior to the expiration of [the policy].").)

      Having reviewed Magistrate Judge Arleo's weighing of the *Infinity Group* factors as a whole, this Court finds that Magistrate Judge Arleo did not clearly err in any factual finding, did not misinterpret or misapply applicable law, and did not abuse her discretion in denying Plaintiffs' Rule 39(b) motion. Other courts in this Circuit have denied Rule 39(b) motions where the delay in requesting the jury trial was substantial and counsel did not provide an explanation for the delay. *See, e.g.*, *Lee v. Boyle-Midway Household Prods., Inc.*, 785 F. Supp. 533, 536 (W.D. Pa. 1992) (denying request where counsel did not seek a jury trial for more than a year after removal of the action, and counsel provided no explanation for the delay). Indeed, the Third Circuit in *Infinity Group* upheld the district court's denial of the defendants' Rule 39(b) motion where the request for a jury trial came only two and a half months after the defendants' final pleadings, and the defendants had changed counsel two months prior to the request. 212

F.3d at 195–96.  Even though the *Infinity Group* court rejected the district court's finding of prejudice, it nevertheless concluded that the parties' failure to "make an adequate showing that the issues . . . were particularly suitable for a jury," and their failure to explain the delay justified the district court's denial of the motion.  *Id.* at 196.  These decisions persuade the Court that Magistrate Judge Arleo did not abuse her discretion in denying Plaintiffs' Rule 39(b) motion in this case, where the issues were not evidently more suitable for a jury, where the request came more than a year after Defendants' final pleadings, and where counsel has not provided a satisfactory explanation.

*Conclusion*

For the foregoing reasons, this Court will deny Plaintiffs' appeal (Doc. No. 50) of Magistrate Judge Arleo's May 6 Order.  An appropriate form of order accompanies this Memorandum Opinion.

Dated: August 9, 2010

                                                S/Garrett E. Brown, Jr.
                                                Garrett E. Brown, Jr., Chief Judge
                                                United States District Court