**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| ATLANTIC HEALTH SYSTEM, INC., AHS HOSPITAL CORP., and ATLANTIC AMBULANCE CORP., | : Civil Action No. 2:08-cv-01661<br>: (GEB)<br>:<br>:<br>:<br>: **Return Date:  February 2, 2011** |
| Plaintiffs, | :<br>: |
| v. | : *Oral Argument Requested* |
| | : |
| NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA, a member company of American International Group and AMERICAN INTERNATIONAL GROUP, individually, | :<br>:<br>:<br>:<br>:<br>:<br>: |
| Defendants. | |

---

**PLAINTIFFS' BRIEF IN REPLY TO DEFENDANTS' OPPOSITION TO**
**PLAINTIFFS' CROSS-MOTION FOR SUMMARY JUDGMENT**

---

**BUBB GROGAN & COCCA, LLP**
**25 Prospect Street**
**Morristown, NJ  07960**
*Attorneys for Plaintiffs*
25 Prospect Street
Morristown, NJ  07960

On the Brief:
Michael S. Bubb, Esq.
Maria L. Zarrella, Esq.

## TABLE OF CONTENTS

Table of Authorities................................................................ ii

Preliminary Statement............................................................. 1

Legal Argument..................................................................... 3

      POINT I   THE UNDISPUTED FACTS ESTABLISH
                    THAT AHS COMPLIED WITH THE NOTICE
                    REQUIREMENTS OF THE POLICY BY
                    PROVIDING NATIONAL UNION WITH
                    ACTUAL NOTICE OF THE MED ALERT
                    CLAIM IN WRITING DURING THE 2003
                    TO 2004 POLICY PERIOD............................ 3

CONCLUSION........................................................................ 15

i

**<u>TABLE OF AUTHORITIES</u>**

<u>Cases</u>

<u>American Cas. Co. of Reading, Pennsylvania v.</u>
<u>Continisio</u>, 819 F. Supp. 385 (D.N.J. 1993),
*aff'd* 17 F.3d Cir. (1994)...................................................... 5-6, 10, 12

<u>FDIC v. Interdonato</u>, 988 F. Supp. 1 (D.D.C. 1997)...... 13

<u>Federal Savings and Loan Insurance Corporation</u>
<u>v. Burdette,</u> 718 F. Supp. 649 (E.D. Tenn. 1989)............ 13

<u>Greenberg & Covitz v. National Union Fire Insurance</u>
<u>Company,</u> 312 N.J. Super 251 (App.Div. 1998)...................... 14

<u>Resolution Trust Corporation v. Continisio,</u>
17 F.3d 62, 67 (3d Cir. 1994)...................................... 6, 9, 10, 12

<u>The Putney School, Inc. v. Schaaf</u>, 157 Vt. 396,
599 A.2d 322 (Vt. 1991)....................................................... 10-12

## PRELIMINARY STATEMENT

Plaintiffs Atlantic Health System, Inc., ("AHS"), AHS Hospital Corp. and Atlantic Ambulance Corp., (collectively "Plaintiffs") respectfully submit this brief pursuant to the Second Amended Scheduling Order in reply to Defendants' opposition to Plaintiffs' Cross-Motion for Summary Judgment.

Significantly, Defendants admit the fact that National Union Fire Insurance Company of Pittsburgh, PA, ("National Union") received the renewal application during the 2003 to 2004 Policy Period. *See,* Plaintiffs' Statement of Material Facts ("SOMF"), ¶¶27 and 34, and Defendants' Response. Furthermore, Defendants concede, through their expert, that the information contained in response to question number 27 of the renewal application was sufficient information to constitute notice of a claim. *See,* Reply Certification of Maria Zarrella, ("Zarrella Reply Certif."), Exhibit A, Transcript of Thomas R. Newman ("Newman Tran."), 78:1 to 5.[1] Defendants do not dispute the fact that they received the application and acted upon the information in question 27 to exclude coverage for the disputed claim under the 2004 to 2005 Policy. *See,* Zarrella Reply Certif., Exhibit A, Newman Tran., 88:9 to 89:11; and 90:3 to 10. Notwithstanding the fact that National Union received the

---

[1] The deposition of Thomas Newman was taken on December 9, 2010, after Plaintiffs' filed their Cross-Motion for Summary Judgment.

1

application and thereby had actual notice of the Med Alert claim, National Union continues to deny coverage under the 2003 to 2004 Policy because the information was sent to 80 Pine Street, New York, New York, instead of 175 Water Street, New York, New York. Defendants' expert admits the only reason for the coverage dispute is because the notice was sent to 80 Pine Street.

It is respectfully submitted that AHS materially complied with the notice requirements set forth in the Policy, because AHS gave National Union **actual notice** of the Med Alert claim in writing during the 2003 to 2004 Policy Period. The undisputed facts show that the Policy issued by National Union to AHS did not require the notice of a claim to be in any particular form. The Policy did not require it to say "notice of claim." The only "condition precedent" to coverage was that written notice be given to the insurer in a timely manner. This is exactly what occurred in this case. Defendants' continued reliance on constructive notice cases is entirely misplaced, where, as here, it is conceded by Defendants (through their expert) that the insured provided the insurer with actual written notice of the claim.

2

Plaintiffs respectfully submit that the Court should grant summary judgment in favor of Plaintiffs, and deny Defendants' Motion for Summary Judgment in its entirety.

## LEGAL ARGUMENT

### POINT I

**THE UNDISPUTED FACTS ESTABLISH THAT AHS COMPLIED WITH THE NOTICE REQUIREMENTS OF THE POLICY BY PROVIDING NATIONAL UNION WITH ACTUAL NOTICE OF THE MED ALERT CLAIM IN WRITING DURING THE 2003 TO 2004 POLICY PERIOD**

Defendants admit significant facts establishing that AHS provided National Union with **actual notice** of the Med Alert claim during the 2003 to 2004 Policy Period. Defendants admit National Union "received and reviewed the Handwritten Renewal Application prior to April 7, 2004." *See,* Plaintiffs' Statement of Material Facts ("SOMF"), ¶27, and Defendants' Response. Based upon the record before this Court, it is also undisputed that National Union received and reviewed the typed application within the 2003 to 2004 Policy period. In that regard, National Union admits it was the practice of its underwriter, Angelo Manganiello, to review renewal applications, and there is no reason to believe that Mr. Manganiello deviated from his usual practice. *See,* Plaintiffs' SOMF, ¶34, and Defendants' Response. In fact, Mr. Manganiello acted upon the information I the renewal application as evidenced by his letter of April 7, 2004.

3

*See,* Certification of Maria Zarrella, Exhibit B.   Accordingly, the undisputed evidence establishes that National Union received and reviewed the handwritten and typed applications during the 2003 to 2004 Policy period.

Defendants' expert, Thomas Newman, testified that the information in the renewal application was sufficient to constitute actual notice of the Med Alert claim.   In that regard, Mr. Newman appeared for his deposition on December 9, 2010.   At the deposition, Mr. Newman was shown the handwritten renewal application, previously marked "Exhibit Man 8."   Mr. Newman admitted that the information in the handwritten application set forth a claim.

> Q. The point I'm trying to make is if I show you what has been marked Man exhibit 8 and show you the language and material that's in the handwritten underwriting policy, that sets forth a claim, does it not?
>
> A.   Yes.
>
> Q.   You have no issue with the fact that that reasonably articulates a claim. Correct?
>
> A.   Correct.
>
> *See,* Reply Certification of Maria L. Zarrella, ("Zarrella Reply Certif.") Exhibit A, Transcript of Deposition of Thomas Newman ("Newman Tran."), 67:5 to 67:13.

Mr. Newman further testified that the information in the typed application set forth a claim under the Policy.

Q.  I'm looking at Newman -2 which is the typewritten application, which Mr. Manganiello had access to during the spring of '04. Right?

A.  Yes.

Q.  If that material had been in the form of a letter and that letter had been addressed to 175 Water Street on March 1st of 2004 and arrived at 175 Water Street, that would have constituted a claim under this policy, would it not?

A.  Yes.

Q.  And we wouldn't be here today, would we?

A.  Correct.

*See,* Zarrella Reply Certif., Exhibit A, Newman Tran., 67:22 to 68:17.

Mr. Newman specifically testified that the information disclosed by AHS in its Answer to Question 27 of the renewal application was sufficient to constitute notice of the claim:

**Q.  Okay. And we just agreed a moment ago that answer to question number 27 in the underwriting file was sufficient information to constitute notice of a claim.  Right?**

**A.  Correct.**

*See,* Zarrella Reply Certif., Exhibit A, Newman Tran., 78:1 to 5, (emphasis added).

The testimony and other evidence before this Court establishes that AHS gave National Union **actual notice** of the Med Alert claim.  Constructive notice cases such as <u>American</u>

5

Cas. Co. of Reading, Pennsylvania v. Continisio, 819 F. Supp. 385 (D.N.J. 1993), *aff'd*, 17 F.3d Cir. 1994) are therefore inapposite. Furthermore, Defendants' continued reliance on the District Court opinion in Continisio is erroneous because the Third Circuit Court of Appeals issued a written opinion which is controlling. The Third Circuit opinion made it clear that the issue in Continisio was whether information attached to a renewal application was sufficient to constitute constructive notice of a claim, where the insured denied knowledge of pending claims in the application itself. Resolution Trust Corporation v. Continisio, 17 F.3d 62, 67 (3d Cir. 1994), (Analyzing the claim under the heading "Constructive Notice of Claim"). The Third Circuit held, "[i]nsureds may not deny knowledge of potential claims in their renewal application and rely on information submitted with the same application to support an argument that the insurer *should have known a claim could be made."* Continisio, 17 F.3d at 69 (emphasis added). The insurer in Continisio did not have actual notice of the claim. The constructive notice considered in Continisio is in sharp contrast to the **actual notice** given by AHS and received and acted upon by National Union in this case. Defendants' reliance on Continisio is entirely meritless because their own expert admits the information in the application was sufficient to

6

constitute notice of the Med Alert claim. *See,* Zarrella Reply Certif., Exhibit A, Newman Tran., 78:1 to 5.

Furthermore, Mr. Newman's testimony belies any argument that the notice had to be set forth in any specific form. Mr. Newman admitted that the Policy required only that the notice be in writing. Mr. Newman testified:

> Q.   And there is the idea that you must give written notice to the insurer. Right?
>
> A.   Yes.
>
> Q.   Again of a claim. Is that correct?
>
> A.   Yes, as soon as practicable and et cetera.
>
> Q.   But there's nothing in there that says it has to be designated a certain thing or that it has to contain certain specific information or anything like that, is there?
>
> A.   No.
>
> *See,* Zarrella Reply Certif., Exhibit A, Newman Tran., 78:9 to 19.

Mr. Newman even admitted that the written notice did <u>not</u> have to be designated notice of claim, which in his opinion <u>deviated</u> from industry custom and practice. *See,* Zarrella Reply Certif., Exhibit A, Newman Tran., 76:19 to 21; and 108:20 to 109:4. Accordingly, Defendants' argument that there had to be formal notice is not supported by the language of the Policy or any

7

other admissible evidence.  Nor is it supported by the testimony of Defendants' expert.

National Union's attempt to use extrinsic evidence to establish the "proper procedure" for reporting claims under the 2003 to 2004 Policy is disingenuous.  National Union takes the position that evidence of custom and practice is inadmissible where the language of the policy is unambiguous.  *See,* Defendants' Opposition and Reply Brief, p. 16.  Yet, National Union attempts to use extrinsic evidence of other claims to alter the reporting requirements of the 2003 to 2004 Policy.  As explained, *infra*, the language used by National Union in the 2003 to 2004 Policy <u>deviated</u> from industry custom and practice. In fact, the language in the 2003 to 2004 Policy was different from the prior policy issued by National Union to AHS.

The prior policy, referenced as the "2000 to 2003 Policy," specifically required claims to be reported to the "Financial Services Claims Department."  Certification of Sean Kelly, Exhibit A, DEF 0555, paragraph 7.  National Union changed the language of paragraph 7 when it issued the 2003 to 2004 Policy, and specifically omitted the requirement that the notice be sent to the claims department.  *See,* Plaintiffs' SOMF, ¶21-22, and Defendants' Response.  It is undisputed that the 2003 to 2004 Policy did not require the notice to be in any specific form or

8

format. *See,* Zarrella Reply Certif., Exhibit A, Newman Tran.,
78:9 to 19. National Union's argument that AHS was required to
use a particular form for providing notice of a claim is not
supported by the policy language or any other admissible
evidence contained in the record before this Court.

Defendants' argument that AHS did not intend to provide
National Union with notice of the Med Alert claim is also
insupportable. AHS specifically advised National Union that it
was a defendant in an action filed by Med Alert alleging unfair
trade practices and anti-trust violations. *See, Plaintiffs'
SOMF*, ¶25 and 25, and Defendants' Responses. Most importantly,
AHS checked the box marked "YES" in response to the question of
whether it was involved in litigation. *See, Plaintiffs' SOMF*,
¶25 and 25, and Defendants' Responses. This fact is critical in
distinguishing Continisio and the cases cited therein, where the
insureds denied knowledge of potential claims and answered
negatively to specific questions on renewal applications
concerning potential claims. Continisio, 17 F.3d at 69. Unlike
the insured in Continisio, AHS made an affirmative, intentional
disclosure to National Union in the renewal application of the
fact that there was a claim asserted by Med Alert alleging
unfair trade practices and anti-trust violations. *See,*
Certification of Maria Zarrella, Exhibit A, DEF 0138; and

9

Certification of Sean R. Kelly, Exhibit K, DEF 0131.  AHS made
this disclosure with sufficient clarity to allow National Union
to act upon it and exclude the Med Alert claim from the 2004 to
2005 Policy.  *See,* Zarrella Reply Certif., Exhibit A, Newman
Tran., 88:9 to 89:11; and 90:3 to 10.  The fact that National
Union used the information in the application to exclude the Med
Alert claim from coverage worked to the advantage of Defendants.
*See,* Zarrella Reply Certif., Exhibit A, Newman Tran., 96:9 to
18; and 97:7-10.  Despite the fact Defendants used the
information to their advantage by excluding the claim under the
upcoming policy, Defendants nevertheless argue that the
information was somehow insufficient notice of the claim for the
purpose of coverage under the 2003 to 2004 Policy.  Such an
argument is not only inconsistent, but also self-serving and
evidences bad faith.  The fact that National Union acted upon
the information in the renewal application by excluding the
claim under the upcoming Policy demonstrates that it was
notified of the Med Alert claim during the 2003 to 2004 Policy
period.

In light of the foregoing, Continisio is distinguishable
from the case at bar.  Furthermore, as argued in Plaintiffs'
brief in support of the Cross-Motion, this case presents facts
that are strikingly similar to The Putney School, Inc. v.

10

Schaaf, 157 Vt. 396, 599 A.2d 322 (Vt. 1991).   In The Putney School, the policy required notice to be sent to the insurer, CNA, at its Chicago address.   Id., at 325.   The insured notified the broker at a different address.   The Court rejected CNA's argument that notice must be sent to CNA at its Chicago address in order for the policy to provide coverage.   The Putney School, 599 A.2d at 326.   The Court explained:

> In order for the insured to appreciate the requirement that notice must be sent to CNA in Chicago or its coverage would evaporate, it would have to read paragraph VII(e) (notice to be given to 'person or firm(s) shown under Item G)" then refer to Item G (which named CNA, Chicago), and then conclude that notice to Brewer & Lord was insufficient….
>
> We conclude that this labyrinth of obscurely written clauses does not reasonably apprise the insured of this purported requirement.
>
> The Putney School, 599 A.2d at 326.

The Policy issued by National Union to AHS contained a similar "labyrinth" of clauses.   The National Union Policy required the insured to read Endorsement No. 13, Paragraph 7, and then refer to the Declarations Page in order to find the reference to 175 Water Street.   See, Certification of Sean R. Kelly, Exhibit B, DEF 0661, 0617, 0607.   It is respectfully submitted that the National Union policy does not reasonably

11

apprise the insured that its coverage would "evaporate" if notice is not sent to 175 Water Street.

Defendants are incorrect to argue that the Court in Continisio rejected the holding in The Putney School. The District Court in Continisio distinguished The Putney School, but did not reject its holding.[2] American Casualty Company, 819 F. Supp. at 397, and note 7. Furthermore, The Putney School was not discussed in the Third Circuit's opinion which is controlling. Continisio, 17 F.3d 62. A review of the two cases makes it clear that the facts in The Putney School are similar to the facts in the case at bar. The constructive notice issue in Continisio is in sharp contrast to the actual notice in The Putney School and the case at bar. Since the record in this case establishes that AHS provided National Union with actual written notice of the Med Alert claim, Continisio does not apply.

Finally, Defendants argue that waiver cannot be used to expand or create coverage. Defendants' argument fails to recognize the undisputed fact that the National Union Policy covers anti-trust claims. See, Plaintiffs' SOMF, ¶17 and Defendants' response. The claim asserted by Med Alert falls within the coverage provided by the Policy. AHS is not seeking

_____

[2] The District Court noted that The Putney School and other cases were "not on point." Id.

to expand or create additional coverage by raising a waiver argument.

Defendants, through their expert, concede that the information in the renewal application was sufficient information to constitute notice of the Med Alert claim. According to Defendants, the reason for the denial of coverage was that the information was sent to 80 Pine Street, instead of 75 Water Street. *See,* Zarrella Reply Certif., Exhibit A, Newman Tran., 68:8 to 17. As discussed, *infra,* National Union acted upon the information contained in the application to exclude coverage under the upcoming policy. National Union's actions in using the information to exclude coverage served to benefit National Union. *See,* Zarrella Reply Certif., Exhibit A, Newman Tran., 96:9 to 18; and 97:7-10. Having received the application and acted upon the information, National Union could and should have timely raised to AHS any alleged deficiencies in the actual notice AHS provided. Because National Union failed to timely raise any such issues, National Union waived any argument relating to alleged deficiencies in the notice provided by AHS. Federal Savings and Loan Insurance Corporation v. Burdette, 718 F. Supp. 649, 653 (E.D. Tenn. 1989); FDIC v. Interdonato, 988 F. Supp. 1, 10 (D.D.C. 1997). Indeed, the New Jersey courts recognize the fact that an insurer can waive the notice

13

requirements in a policy.  *See,* <u>Greenberg & Covitz v. National Union Fire Insurance Company</u>, 312 N.J. Super 251, 263 (App.Div. 1998), (discussing cases involving waiver of notice).[3]

The undisputed facts before this Court establish that AHS provided National Union with actual written notice of the claim during the 2003 to 2004 Policy Period.  Defendants' expert agreed that the information in the renewal was sufficient to constitute notice of the Med Alert claim.  Defendants admit that they received the application during the 2003 to 2004 Policy period.  AHS thus complied with the notice requirements set forth in the Policy.  National Union's denial of coverage based upon the allegation that the notice must be sent to 175 Water Street is improper where, as here, National Union actually received the notice and acted upon it.  Plaintiffs are therefore entitled to summary judgment on their claim against Defendants for coverage.

---

[3]  Interestingly, the <u>Covitz</u> case is cited by Defendants at page 17 of the reply brief.

14

## CONCLUSION

Based upon the foregoing, Plaintiffs respectfully request that the Court deny Defendants' Motion for Summary Judgment and grant Plaintiff's Cross Motion for Summary Judgment, and that the matter be set down for a hearing on damages.

```
                              Respectfully submitted,
                              BUBB, GROGAN & COCCA, LLP
                              Attorneys for Plaintiffs


                     By:     _____
                                 Michael S. Bubb
```

Dated:  January 26, 2011

15